```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
COMMUNITY ASSOCIATION                            :
UNDERWRITERS OF AMERICA, INC., as                :
subrogor of Stony Brook Condominiums, Inc.,      :   **MEMORANDUM**
                Plaintiff,                       :   **OPINION AND ORDER**
v.                                               :
                                                 :
AIDA FELICIANO; AISHA FELICIANO; and             :   16 CV 8509 (VB)
ALBERTO FELICIANO,                               :
                Defendants.                      :
--------------------------------------------------------------x
```

Briccetti, J.:

This matter has been placed on the Court's trial calendar as a back-up civil trial for the week of November 2, 2020. (See Doc. #113).

Now pending is plaintiff's motion in limine to preclude defendants' use at trial of (i) evidence of and/or related to depreciation and/or actual cash value of the real property damages that serve as the basis for plaintiff's claims, and (ii) "evidence to support an argument that the amount . . . paid to restore [the] real property to its pre-fire condition was unreasonable." (Doc. #94 at ECF 3–4). Defendants Aisha and Alberto Feliciano have responded to the motion. (Doc. #114). Defendant Aida Feliciano joins that response. (Id.).

For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In March 2016, a fire broke out at 1-48 West Brook Road, Unit 69, Newburgh, New York, an apartment rented to defendants Aisha and Alberto Feliciano. Plaintiff, which insured the property, filed this action to recover payments paid to its insured pursuant to the policy in place at the time of the fire.

1

**DISCUSSION**

I.    Legal Standard

Under New York law, "an award of damages to a person injured by the negligence of another is to compensate the victim, not to punish the wrongdoer." McDougald v. Garber, 73 N.Y.2d 246, 253–54 (1989). "The goal is to restore the injured party, to the extent possible, to the position that would have been occupied had the wrong not occurred." Id. at 254. "When negligence results in the permanent destruction of real property, damages can place the wronged victim in the same position as it was prior to the wrongdoing, in one of two ways." In re September 11 Litig., 802 F.3d 314, 328 (2d Cir. 2015). "One possibility is to award the plaintiff the difference between the value of the land before the injury and its value after the injury . . . sometimes called the diminution-in-value rule." Id. (citing Fisher v. Qualico Contracting Corp., 98 N.Y.2d 534, 539 (2002)). "The other is to award the cost of restoration." Id.

"[T]he New York Court of Appeals has instructed that, in general, 'the proper measure of damages for permanent injury to real property is the lesser of the decline in market value and the cost of restoration.'" In re September 11 Litig., 802 F.3d at 329 (quoting Jenkins v. Etlinger, 55 N.Y.2d 35, 39 (1982)).

It is not a plaintiff's responsibility, however, "to present evidence with respect to both the replacement value . . . and the diminished value of [the] property." Barron v. Dube, 48 A.D.3d 1059, 1059 (4th Dep't 2008). Indeed, it is established that "the burden falls upon the defendant to prove that a lesser amount than that claimed by plaintiff will sufficiently compensate for the loss." Jenkins v. Etlinger, 55 N.Y.2d at 39. "Simply stated, the plaintiff need only present evidence as to one measure of damages, and that measure will be used when neither party presents evidence going to the other measure." Id. (emphasis added).

II.     Analysis

Defendants do not dispute that restoration cost is the proper measure of damages in this case, and that they did not provide in discovery any expert opinion with respect to diminution in value or actual cash value of the subject real property.

Accordingly, plaintiff's motion is granted to the extent it seeks to preclude defendants from using at trial any evidence related to depreciation, depreciated value, or actual cash value of the subject real property.

However, defendants correctly argue that "plaintiff goes too far by seeking to preclude defendants from introducing evidence [that] such costs were unreasonable," and that "defendants should be permitted to present evidence of the unreasonableness of the repair costs, such as whether the rates were competitive and the repairs necessary." (Doc. #114 at 1). Plaintiff does not respond directly to defendants' assertion. Indeed, plaintiff concedes the Court may well agree "the reasonableness of the repair cost put for[th] by Plaintiff is relevant—and presumably may be the subject of cross-examination." (Doc. #115 at 2).

"The measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is the lesser." Oparaji v. 245-02 Merrick Blvd, LLC, 149 A.D.3d 1091, 1092 (2d Dep't 2017) (emphasis added). It is plaintiff's burden to prove repair costs were reasonable. See Fisher v. Qualico Contracting Corp., 98 N.Y.2d at 539 (noting, consistent with pattern jury instructions, the proper measure of damages may comprise "the reasonable cost of repairs necessary to restore [the property] to its former condition.") (emphasis added).

At trial, defendants certainly may challenge the reasonableness of the repair costs. See, e.g., Thompson v. Highgate Taxi Corp., 1990 WL 31654, at *2 (E.D.N.Y. Mar. 14, 1990) (noting

3

defendants conceded reasonableness of repair costs by failing to challenge testimony concerning same). To do so, however, defendants shall be precluded from using any evidence relating to depreciation, depreciated value, or actual cash value of the subject real property.

## CONCLUSION

The motion in limine is GRANTED IN PART and DENIED IN PART.

The Clerk is instructed to terminate the motion. (Doc. #94).

Dated: September 21, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge